UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------------------- X
SCOTTSDALE TOBACCO, LLC,                    :
                                            :
        Plaintiff,                          :
                                            :
        v.                                  :       Court No. 24-22
                                            :
UNITED STATES,                              :
                                            :
        Defendant.                          :
------------------------------------------------------------------- X
```

## COMPLAINT

Plaintiff, SCOTTSDALE TOBACCO, LLC, by and through its undersigned counsel, for its Complaint in this matter against Defendant, the UNITED STATES, does hereby state, plead, and allege as follows:

## CAUSE OF ACTION

1. This action is brought to challenge the denial, by United States Customs and Border Protection, of Plaintiff's protest against CBP's refusal to pay a claim for 19 U.S.C. § 1313(j)(2) drawback.

## JURISDICTION

2. This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1581(a).

3. To the extent required, all liquidated duties, taxes and fees were paid prior to the commencement of this action.

**PARTIES**

4. Plaintiff, Scottdale Tobacco LLC. ("Scottsdale Tobacco" or "Plaintiff"), is a privately held company which exported the merchandise which is the subject of the claim for 19 U.S.C. § 1313(j)(2) drawback, protested the liquidation of its claim without allowance of drawback, and is the real party in interest in this action.

5. Defendant, United States, is the Federal Defendant. It acted through its agency, United States Customs and Border Protection ("CBP" or "Customs"), a unit of the Department of Homeland Security.

**STATEMENT OF FACTS**

6. On various dates between March 16, 2018, and November 12, 2018, Plaintiff imported Canadian-origin paper-wrapped cigarettes into the United States for consumption and paid Federal Excise Taxes owed thereon.

7. The imported cigarettes, which were designated as the basis for the drawback claim which is the subject of this action, were withdrawn from Foreign Trade Zone 35, Port Everglades, Florida, where they had been admitted in "Nonprivileged Foreign" status and were entered for consumption under cover of various Type 06 Foreign Trade Zone consumption entries. Federal Excise Tax was paid at the rate of $50.33 per 1000 cigarette sticks.

8. The imported cigarettes were classified under subheading 2402.20.8000 of the Harmonized Tariff Schedule of the United States ("HTSUS"), which provides for "Cigars, cheroots, cigarillos and cigarettes, of tobacco or of tobacco substitutes: Cigarettes containing tobacco; Other; paper-wrapped."

9. On various dates between December 16, 2018, and February 11, 2019, Plaintiff exported US-origin paper-wrapped cigarettes from the United States.

10. The exported cigarettes, which were designated as "substituted" in the subject drawback claim, were exported by admitting them into Foreign Trade Zone 35, Port Everglades, Florida, with "zone restricted" status.

11. The exported cigarettes were classified under subheading 2402.20.8000, HTSUS, which provides for "Cigars, cheroots, cigarillos and cigarettes, of tobacco or of tobacco substitutes: Cigarettes containing tobacco; Other; paper-wrapped."

12. The Foreign Trade Zones Act, which is the best evidence of its contents, indicates in pertinent part :

> [t]hat under the rules and regulations of the controlling Federal agencies, articles which have been taken into a zone from customs territory for the sole purpose of exportation, destruction (except destruction of distilled spirits, wines, and fermented malt liquors), or storage shall be considered to be exported for the purpose of-
>
> (1) the draw-back, warehousing, and bonding, or any other provisions of the Tariff Act of 1930, as amended, and the regulations thereunder; and
>
> (2) the statutes and bonds exacted for the payment of draw-back, refund, or exemption from liability for internal-revenue taxes and for the purposes of the internal-revenue laws generally and the regulations thereunder."

*See* 19 U.S.C. § 81c

13. Section 146.44 of the Customs Regulations, 19 C.F.R. § 146.44, which constitutes the best evidence of its contents, provides:

> § 146.44   Zone-restricted status.
>
> (a) General. Merchandise taken into a zone for the sole purpose of exportation, destruction (except destruction of distilled spirits, wines, and fermented malt liquors), or storage will be given zone-restricted status on proper application. That status may be requested at any time the merchandise is located in a zone, but cannot be abandoned once granted. Merchandise in zone-restricted status may not be removed to Customs territory for domestic consumption except where the Board determines the return to be in the public interest.

(b) Application. Application for zone-restricted status will be made on Customs Form 214.

(c) Merchandise considered exported—(1) For Customs purposes. If the applicant desires a zone-restricted status in order that the merchandise may be considered exported for the purpose of any Customs law, all pertinent Customs requirements relating to an actual exportation shall be complied with as though the admission of the merchandise into zone constituted a lading on an exporting carrier at a port of final exit from the U.S. Any declaration or form required for actual exportation will be modified to show the merchandise has been deposited in a zone in lieu of actual exportation, and a copy of the approved Customs Form 214 may be accepted in lieu of any proof of shipment required in cases of actual exportation.

14. On February 15, 2019, Plaintiff caused to be filed with CBP drawback entry H52-0005246-3, which sought payment of "substitution unused merchandise drawback," pursuant to Section 313(j)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1313(j)(2).

15. Drawback Entry H52-0005246-3 identified the imported cigarettes described in paragraphs 6 through 8 of this Complaint as the basis of the drawback claim, and identified the exported merchandise described in paragraphs 9 through 11 of this Complaint as the "substituted" merchandise.

16. On October 23, 2022, CBP liquidated Drawback Entry H52-0005246-3 "no drawback," refusing to pay the claim.

17. On April 18, 2023, Plaintiff timely filed New York protest 1001-23101310, challenging the denial of drawback in liquidation.

18. On January 19, 2024, CBP denied Plaintiff's protest. Plaintiff timely commenced this action by filing a Summons in this Court.

## COUNT I

19. Paragraphs 1 through 18 are restated and incorporated by reference as though fully set out herein.

20. Section 313(j)(2) of the Tariff Act, 19 U.S.C. § 1313(j)(2), which is the best evidence of its contents, provides in pertinent part as follows:

> (2) Subject to paragraphs (4), (5), and (6), if there is, with respect to imported merchandise on which was paid any duty, tax, or fee imposed under Federal law upon entry or importation, any other merchandise (whether imported or domestic), that—
>
> (A) is classifiable under the same 8-digit HTS subheading number as such imported merchandise;
>
> (B) is, before the close of the 5-year period beginning on the date of importation of the imported merchandise and before the drawback claim is filed, either exported or destroyed under customs supervision; and
>
> (C) before such exportation or destruction—
>
> (i) is not used within the United States, and
>
> (ii) is in the possession of, including ownership while in bailment, in leased facilities, in transit to, or in any other manner under the operational control of, the party claiming drawback under this paragraph, if that party—
>
> (I) is the importer of the imported merchandise, or
>
> (II) received the imported merchandise, other merchandise classifiable under the same 8-digit HTS subheading number as such imported merchandise, or any combination of such imported merchandise and such other merchandise, directly or indirectly from the person who imported and paid any duties, taxes, and fees imposed under Federal law upon importation or entry and due on the imported merchandise (and any such transferred merchandise, regardless of its origin, will be treated as the imported merchandise and any retained merchandise will be treated as domestic merchandise);
>
> then, notwithstanding any other provision of law, upon the exportation or destruction of such other merchandise an amount calculated pursuant to regulations prescribed by the Secretary of the Treasury under subsection (l) shall be refunded as drawback.

21. Claims for drawback must be filed within five (5) years after the date of importation of the merchandise designated in the claim. The subject drawback claim was timely.

5

22.     Both the imported designated merchandise and the exported substituted merchandise are classifiable under the same 8-digit subheading of the HTSUS, to wit, subheading 2402.20.8000, HTSUS.

23.     Drawback claim H5209995246-3 met the requirements for the payment of substitution unused merchandise drawback of Federal Excise Taxes under 19 U.S.C. § 1313(j)(2), and the claim should have been liquidated with full payment of drawback.

## **COUNT II**

24.     Paragraphs 1 through 23 of this Complaint are incorporated by reference as though fully set out herein.

25.     Section 504(a)(2)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1504(a)(2)(A), which is the best evidence of its contents, provides:

> (2) Entries or claims for drawback
>
> (A) In general
>
> Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) of this section or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

26.     Customs did not extend the liquidation date for Drawback Entry H52-0005246-3 within one-year of the date of its filing.

27.     Accordingly, Drawback Entry H52-0005246-3 was deemed liquidated, one-year after its filing at the drawback amount asserted in the claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor, directing Defendant to reliquidate Drawback Claim H52-0005246-3 with a full refund of duties paid, together with interest as provided by law; and providing Plaintiff with such further and additional relief as may be just.

                                  Respectfully submitted,

                                  NEVILLE PETERSON LLP

/s/ John M. Peterson
    John M. Peterson
    Richard F. O'Neill
    Patrick B. Klein
    One Exchange Plaza
    55 Broadway, Suite 2602
    New York, NY 10006
    (212) 635-2730
    jpeterson@npwny.com

    *Counsel for Plaintiff, Scottsdale Tobacco, LLC*

Dated:  January 30, 2024