**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE HON. JENNIFER CHOE-GROVES, JUDGE**

|  |  |  |
|---|---|---|
|  | X |  |
| **SCOTTSDALE TOBACCO, LLC.** | : |  |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| *v.* | : | **Court No. 24-00022** |
|  | : |  |
| **UNITED STATES,** | : |  |
|  | : |  |
| **Defendants.** | : |  |
|  | X |  |

<u>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, AND RESPONSE IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**</u>

NEVILLE PETERSON LLP
*Counsel for Plaintiff*

John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated: January 5, 2026

## **TABLE OF CONTENTS**

TABLE OF CONTENTS       i

TABLE OF AUTHORITIES       ii

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO THE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT       1

ARGUMENT       3

I.     Plaintiff Satisfies all the Statutory and Regulatory Obligations for Claiming Substitution Unused Merchandise Drawback under 19 U.S.C. § 1313(j)(2)       3

II.     The Government Implies that the Court Should Weigh Evidence on Summary Judgment.       10

III.     If the Court Believes It is Necessary to Weigh Plaintiff's Evidence, Then Trial is Appropriate.       13

IV.     The Government Tries to Create Non-Statutory and Non- Regulatory Requirements for Drawback       14

V.     The Drawback Claim Was Deemed Liquidated as Filed.       18

CONCLUSION       18

## **TABLE OF AUTHORITIES**

**Cases**

*Abbott Labs. v. Torpharm Inc.*, 300 F.3d 1367 (Fed. Cir. 2007).  13

*Aluminum Co. of America v. United States*, 60 C.C.P.A. 148 (1973)  9

*Am. Sporting Goods v. United States*, 27 C.I.T. 450 (2003).  10, 13

*American Tobacco Co. v. United States*, 61 Ct. Cl. 980 (1926).  4

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)  13

*Anhydrides & Chems., Inc. v. United States*, 130 F.3d 1481 (Fed. Cir. 1997)  9

*Aurea Jewelry Creations v. United States*, 932 F.2d 943 (Fed. Cir. 1991)  2, 4

*BP Oil Supply Co. v. United States*, 35 C.I.T. 1238 (2011)  3

*Consolidated Cork Co. v. United States*, 54 Cust. Ct. 83 (1965)  9

*Fifth Third Bank of W. Ohio v. United States*, 55 Fed. Cl. 223 (2003)  12, 13

*Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303 (Fed. Cir. 2013)  13

*Goodman Mfg. L.P v. United States*, 69 F.3d 505 (Fed. Cir. 1995).  10

*Graham Eng'g Corp v. United States*, 510 F.3d 1385 (Fed Cir. 2007)  3

*Hale v. Dep't of Transportation*, 772 F.2d 882 (Fed. Cir. 1985)  11

*Mitchell Citrus Products v. United States*, 2004 U.S. App. LEXIS 6443 (Fed. Cir. 2004)  3

*National Assn. of Manufacturers v. Secretary of the Treasury,* 10 F.4th 1279 (Fed. Cir. 2021)  4

*R.J.F. Fabrics, Inc. v. United States*, 11 C.I.T. 185 (1987)  14

*S.C. Johnson & Co. v. United States*, 415 F. Supp. 3d 1373 (Ct. Int'l Tr. 2019).  2

*SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107 (Fed. Cir. 1985)  12

*St. Paul Fire & Marine Ins. Co. v. United States*, 6 F.3d 763 (Fed. Cir. 1993)  11

*United States v. Ignaz Strauss & Co.*, 37 C.C.P.A. 48 (1949)  9

*United States v. Lockheed Petroleum Services Ltd.*, 709 F.2d 1472 (Fed. Cir. 1983)  3

*Universal Elecs. Inc. v. United States,* 112 F.3d 488 (Fed. Cir. 1997)  2, 10

*Wi-LAN United States v. Ericsson Inc.*, 675 Fed. Appx. 984 (Fed. Cir. 2017)  13

**Statutes**

19 U.S.C. § 1313  passim

19 U.S.C. § 1504  3, 18

19 U.S.C. § 1508  9

28 U.S.C. § 1581  1, 2

28 U.S.C. § 2639  2, 5, 9

28 U.S.C. § 2640  3

**Regulations**

19 C.F.R. § 190.11  8, 15

19 C.F.R. § 190.14  8, 15

19 C.F.R. § 190.2  14

19 C.F.R. § 190.32  4

19 C.F.R. § 190.36  8, 16

19 C.F.R. § 190.38  passim

19 C.F.R. § 190.51  8, 16

19 C.F.R. § 190.60  8, 16

19 C.F.R. § 190.91  8, 16

19 C.F.R. § 190.93  8, 16

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE HON. JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| | X | |
| SCOTTSDALE TOBACCO, LLC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 24-00022 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendants. | : | |
| | X | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO THE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

In accordance with Rules 7 and 56 of the Rules of the United States Court of International Trade ("USCIT R."), plaintiff Scottsdale Tobacco, LLC ("Scottsdale"), hereby responds to the Government's Cross-Motion for Summary Judgment in this 28 U.S.C. § 1581(a) protest action, and replies in support of Plaintiff's own Motion for Summary Judgment. In addition, plaintiff's Response to the Government's USCIT R. 56.3 Statement of Material Facts not in Dispute is submitted herewith.

This action involves a claim for substitution unused merchandise drawback pursuant to 19 U.S.C. § 1313(j)(2) in respect of certain paper-wrapped cigarettes imported by Scottsdale and substitutable paper-wrapped cigarettes which the company exported. Both the imports and exports took place at Foreign Trade Zone ("FTZ") 25 in Florida. The imports were entered, and Federal Excise Taxes ("FET") assessed thereon, by twenty-three Type 06 withdrawals of goods from the FTZ for consumption. The exports were affected by means of four (4) deposits of goods in the FTZ with "zone restricted" (export only) status, effected by means of four (4) Customs Form 214 Notices of Admission to the FTZ. These documents establish the facts of importation

4

and exportation, the substitutability of the imported and exported goods, and the goods' quantity, together with the amount of Federal Excise Tax (FET) paid on the imported goods and sought to be refunded as drawback.

The Government does not identify any contested material facts requiring trial of this action. Instead, conceding the absence of triable facts, it cross-moves for summary judgment in its favor.

When there are no contested issues of material fact, the statutory presumption of correctness accorded to Customs' actions pursuant to 28 U.S.C. § 2639(a) ceases to operate, and the issue presented resolves into a pure issue of law. *See Universal Elecs. Inc. v. United States,* 112 F.3d 488, 492 (Fed. Cir. 1997); *S.C. Johnson & Co. v. United States*, 415 F. Supp. 3d 1373 (Ct. Int'l Tr. 2019).

The Government's cross motion for summary judgment misconstrues both the standards of review at this Court in 28 U.S.C. § 1581(a) cases, and the statutory and regulatory schemes applicable to drawback claims. While not identifying any triable issues of material fact, the Government implies that Scottsdale failed to present inventory records that are nowhere required in the drawback law or regulations. It cites to what it perceives as minor discrepancies in documents, without alleging any to be "material." The Government's cross motion completely ignores the *prima facie* case Scottsdale has presented for the drawback claim on the de novo record before the Court. It also disregards that the plaintiff's documentary evidence is supplemented and explained by the witness statement of its President, Dan Doran, presented in support of the action. *See Aurea Jewelry Creations v. United States*, 932 F.2d 943 946 (Fed. Cir. 1991) (testimony can supplement and explain documentary evidence in a drawback case).

Plaintiff complied with all of the legal and regulatory requirements for claiming drawback under 19 U.S.C. § 1313(j)(2). It exported substitutable cigarettes after it had imported the "designated" duty-and-tax paid cigarettes. It timely filed its claim for drawback within the 5-year period from date of importation specified in the statute. Plaintiff had "possession" of the substituted merchandise prior to the time it was exported. It timely filed its drawback entry and completed its drawback claim. Judgment should be awarded to Plaintiff, directing the appropriate Customs officer to reliquidate Plaintiff's drawback claim with full allowance of drawback.

In the alternative, this Court should enter summary judgment on Plaintiff's drawback claim, finding it was "deemed liquidated" as filed, on year after filing, pursuant to 19 U.S.C. § 1504(a)(2)(A), insofar as CBP has not provided any notice of extension of liquidation of the subject drawback claim.

## ARGUMENT

I.     **Plaintiff Satisfies all the Statutory and Regulatory Obligations for Claiming Substitution Unused Merchandise Drawback under 19 U.S.C. § 1313(j)(2)**

It is well-established that this court makes determinations in drawback cases on the basis of the record made before it. *See* 28 U.S.C. § 2640(a)(1); *BP Oil Supply Co. v. United States*, 35 C.I.T. 1238 (2011). The requirements for claiming drawback will depend upon the statutory conditions for obtaining each type of drawback sought.[1] Compliance with regulations is a

---

[1] *See, e.g., United States v. Lockheed Petroleum Services Ltd.*, 709 F.2d 1472 (Fed. Cir. 1983)(where claimant sought manufacturing drawback, regulations required that an abstract of manufacture be provided prior to exportation of the goods); *Mitchell Citrus Products v. United States*, 2004 U.S. App. LEXIS 6443 (Fed. Cir. 2004)(nonprecedential decision) (where plaintiff sought manufacturing drawback, required evidence included proof of when imported merchandise was transferred from receiving department to production department, and the time frame in which the designated imports were used in manufacturing).

mandatory condition precedent to the allowance of the drawback privilege. *See, e.g., Graham Eng'g Corp v. United States*, 510 F.3d 1385, 1389 (Fed Cir. 2007); *Aurea Jewelry Creations v. United States*, 932 F.2d 943, 946 (Fed. Cir. 1991); *American Tobacco Co. v. United States*, 61 Ct. Cl. 980 (1926).

Accordingly, it is appropriate to consult the Customs Regulations to determine the nature of the evidence which Customs has determined is necessary to establish the right to drawback. The regulations for unused merchandise drawback under 19 U.S.C. § 1313(j), are found at Title 19, Code of Federal Regulations, Subpart C., comprising 19 C.F.R. §§ 190.31-190.38. Substantive requirements for claiming substitution unused merchandise drawback, 19 U.S.C. § 1313(j)(2), the type at issue here, are found at 19 C.F.R. § 190.32. There is no contention by the government that Scottsdale Tobacco has failed to comply with any of the substantive requirements set out therein.[2]

The evidentiary requirements for seeking 19 U.S.C. § 1313(j)(2) drawback are found at Section 190.38(b), 19 C.F.R. § 190.38(b), of Customs "Modernized Drawback Regulations" which provides:

---

[2] We note that the current codification of the regulations still contains 19 C.F.R. § 190.32 (b)(1), which states:

(b)    Allowable refund –

\*\*\*

(3) Federal excise tax.  For purposes of drawback of internal revenue tax imposed under Chapters 32, 38 (with the exception of Subchapter A of Chapter 38), 51, and 52 of the Internal Revenue Code of 1986, as amended (IRC), drawback granted on the export or destruction of substituted merchandise will be limited to the amount of taxes paid (and not returned by refund, credit, or drawback) on the substituted merchandise.

Of course, this regulation was found invalid by this Court and the Court of Appeals for the Federal Circuit in *National Assn. of Manufacturers v. Secretary of the Treasury*, 10 F.4th 1279 (Fed. Cir. 2021), and struck down as an invalid interpretation of 19 U.S.C. § 1313(v).

(b) ***Accounting for the merchandise.*** Merchandise subject to drawback under 19 U.S.C. 1313(j)(1) and (j)(2) must be accounted for in a manner which will enable the claimant:

(1) To determine, and CBP to verify, the applicable import entry or transfer(s) of drawback-eligible merchandise;

(2) To determine, and CBP to verify, the applicable exportation or destruction; and

(3) To identify, with respect to the import entry or any transfer(s) of drawback-eligible merchandise, the imported merchandise designated as the basis for the drawback claim.

Taking each evidentiary requirement of the regulation, we review how the evidence submitted in support of plaintiff's Motion for Summary Judgment satisfies these requirements.

**(1) 19 C.F.R. § 190.38(b)(1) – "the applicable import entry or transfer(s) of drawback-eligible merchandise"**

The documents appended at Exhibit A to Plaintiff's Rule 56.3 Statement of Material Facts evidence the twenty-three (23) import consumption entries, identifying Scottsdale Tobacco LLC as the importer of record of paper-wrapped cigarettes which are the "designated imported merchandise" in the drawback claim. These documents identify the entries, the dates of entry, and the number of cartons, cases and sticks of cigarettes imported under cover of each entry, the declared value of the cigarettes and the amount of Federal Excise tax paid on each. They also identify the imported merchandise as paper-wrapped cigarettes classifiable under subheading 2402.20.80, Harmonized Tariff Schedule (HTS). The government has not raised any material issue of fact with these documents or their contents.[3] Additional documents identify the brand

---

[3] Although defendant has not raised any material issues of fact with respect to these documents, they are arguably self-authenticating under Federal Rule of Evidence ("FRE") 902(10) as "Presumptions Under a Federal Statute. A signature, document, or anything else that a federal statute declares to be presumptively or prima facie genuine or authentic." Customs liquidated these entries "as entered" and 28 U.S.C. § 2639(a)(1) confers a statutory presumption of correctness upon Customs' liquidation decisions.

names of the imported cigarettes, only this is not material to the instant case. It is sufficient that the imported designated and exported substituted cigarettes are classified under the same 8-digit Harmonized Tariff Schedule subheadings.

**(2) 19 C.F.R. § 190.38(b) – "To determine, and CBP to verify, the applicable exportation or destruction;"**

The applicable exportation is established by the four Customs 214 Notices of Admission, showing the substituted "exported" cigarettes being admitted to Foreign Trade Zone 25 – an act which, as a matter of law, constitutes "exportation." These documents are appended at Exhibit C to Plaintiff's Rule 56.3 Statement. Again, these are official government documents showing and confirming the exportation of the cigarettes, the dates of exportation, the number of packages/cases, cartons and sticks of cigarettes exported. The CF 214s show the classification of the exported cigarettes under subheading 2404.20.80 HTS, and are supplemented by bills of lading and documents showing the in-bond transportation of the goods from the upstate New York factory where they were produced in bond. Although not material to the instant dispute, the documents include invoices showing the brands of the cigarettes exported. The government has raised no material issue of fact concerning these documents or their contents.[4]

**(3) 19 C.F.R. § 190.38(b)(3) – "To identify, with respect to the import entry or any transfer(s) of drawback-eligible merchandise, the imported merchandise designated as the basis for the drawback claim."**

Here again, the documents included as Exhibit A to Plaintiff's Rule 56.3 motion identify the imported merchandise which is the basis for the drawback claim, by quantity, classification,

---

[4] That the Government has identified no material issues of fact in this case is confirmed by its decision to file a Cross-Motion for Summary Judgment, which could not in good faith be submitted if the government believed any material issue of fact to be in dispute.

value and amount of FETs assessed and paid thereon. The government has not asserted any material dispute of fact regarding the identity of the imported merchandise.

The information supporting Plaintiff's Motion for Summary Judgment *prima facie* sets forth the evidence required for Plaintiff to support its claim to 19 U.S.C. § 1313(j)(2) drawback, in precisely the form and detail specified by the relevant drawback regulation, 19 C.F.R. § 190.38(b). All of these documents were submitted with the claim. Moreover, the documents show empirically that the substituted merchandise was exported, and that Plaintiff's drawback claim was filed within five (5) years of the date of importation of the designated imported merchandise.

The government's Opposition to Plaintiff's Motion for Summary Judgment either gainsays the evidence or attempts to create requirements not found in the Customs regulations. For example, the government complains, Defendant's Brief ("Br.") ECF 34 at 9,12, that Scottsdale did not produce the "company's inventory records." Nowhere do the Customs Regulations require such records to support a 19 U.S.C. § 1313(j)(2) drawback claim. Scottsdale is unrelated to both Wind River Enterprises, the seller of the imported Canadian cigarettes, and to Native Trading, the Upstate New York producer of the exported "substituted" cigarettes. It would not ordinarily or reasonably have access to these firms' inventory records. It was sufficient for Scottsdale, and for Customs, that the Canadian cigarettes and the domestic cigarettes were provided. It is immaterial whether these cigarettes were provided out of a seller's inventory, or acquired by a trade between the seller and a third party.[5] To the extent a Customs

---

[5] Both sellers are manufacturers of the cigarette brands acquired from them, respectively, making it likely that they were delivered out of inventories. But again, this is immaterial to the instant dispute.

drawback specialist may have been curious about this information, it is not material to the claim, and should not have been material to the drawback specialist's consideration thereof.[6]

Separately, the government complains about lack of evidence of the delivery of the imported cigarettes to DK Trading, Scottsdale's customer for those cigarettes.[7] Again, this is immaterial to the claim. Once Scottsdale withdrew the imported goods from the FTZ, filed consumption entries therefor, and paid the taxes, the conditions regarding imported merchandise relative to the drawback claim had been satisfied. The imported cigarettes could have burned in the truck they were loaded onto and never reached DK Trading. This is immaterial to the conditions for drawback here.

---

[6] For the record, the word "inventory" appears 114 times in 19 C.F.R. Part 190. None apply in this case. There are references to 19 C.F.R. § 190.11 and 190.14, which do not apply to substitution claims; in § 190.36, on waivers of pre-export notification (which do not apply here, as government has conceded); § 190.51, regarding calculation of drawback claim, not involved here; § 190.60, regarding "restructuring" of drawback claims (not at issue here); § 190.91 (on waiver of prior notice of exportation, not at issue here); § 190.93 (drawback compliance program (not applicable here); and in methods for keeping inventory under general manufacturing rulings (not at issue here).

[7] This was cited as a reason for denial of the claim. Customs' decision denying the claim contains the following notation:

> IMPORT AV3-00470265 & EXPORT (ZONE ADMISSION NO. 025000118SE000437) FROM PRIVILEGE TRACE ARE ON THIS DBK. REVIEW OF PRIV DOCS FOUND COMPANY COULD NOT PROVIDE REQUIRED IMPORT RECEIPT DOC. THE DOCS PROVIDED IN LIEU OF RECEIPT DOC DO NOT VALIDATE THE DESCRIPTION & QUANTITY OF THE IMPORTED MERCH RECEIVED BY EITHER SCOTTSDALE TOBACCO LLC OR DK DISTRIBUTORS, INC. THE COMPANY COULD NOT PROVIDE THE WITHDRAWAL FROM INVENTORY DOC SHOWING THE DATE THAT THE MERCHANDISE WAS WITHDRAWN FROM INVENTORY FOR EXPORT TO FTZ.

Here again, Customs seems to be discussing a document tracing it was conducting with respect to Scottsdale's claim for certain drawback "privileges", not at issue in this case. The description and quantity of the imported merchandise Scottsdale entered is established by the consumption entries. Receipt of the merchandise by DK Distributors Inc. is immaterial.

Section 508 of the Tariff Act of 1930, *as amended* 19 U.S.C. § 1508, mandates that importers keep, for a period of at least five (5) years, records relating to import entries. The "Interim (a)(1)(A) List", which is an appendix to the implementing Customs regulations, 19 C.F.R. Part 163, is an extensive and exhaustive compilation of records for which mandatory recordkeeping applies. It contains no reference to the inventory records of sellers of imported merchandise. Nor does it contain any reference to drawback documents in 19 C.F.R. Part 190, or its predecessor, 19 C.F.R. Part 191.

Contrary to the government's implication, Scottsdale has not failed to supply any document required to establish its entitlement to 19 U.S.C. § 1313(j)(2) drawback. Scottsdale's evidence makes out a *prima facie* case of entitlement to the drawback it seeks.

A *prima facie* case is all that plaintiff needs to prevail here. The statutory presumption of correctness attaching to Customs' protest decision, 28 U.S.C. § 2639(a), carries no independent evidentiary weight. Indeed, as noted in *United States v. Ignaz Strauss & Co.*, 37 C.C.P.A. 48, 51-52 (1949):

> The trial court properly held that the presumption of correctness attaching to the collector's classification of merchandise is not to be regarded as having evidentiary value so that the presumption may be weighed against the evidence of the party challenging the validity of the classification.

The presumption "does not add evidentiary weight; it simply places the burden of proof on the challenger." *Anhydrides & Chems., Inc. v. United States*, 130 F.3d 1481, 1486 (Fed. Cir. 1997). "If a prima facie case is made out, the presumption is destroyed, and the Government has the burden of going forward with the evidence." *Aluminum Co. of America v. United States*, 60 C.C.P.A. 148, 151 (1973) (quoting with approval *Consolidated Cork Co. v. United States*, 54 Cust. Ct. 83, 85 (1965) (citations omitted)). A prima facie ("at first sight") case is established when the plaintiff introduces sufficient evidence to support the claim on its face. Thereafter, the

presumption of correctness is overcome, and the burden shifts to the Government to overcome such *prima facie* showing. This time-honored formulation continues to apply under the Customs Court Act of 1980. *See e.g., Am. Sporting Goods v. United States*, 27 C.I.T. 450, 456 (2003).

Although this case is submitted on summary judgment and the presumption of correctness is inapplicable, the government still bears the burden of rebutting the *prima facie* case that Plaintiff has set out. Here, however, the government has not done so. Indeed, it should be noted that the government has not introduced ANY evidence in support of its summary judgment motion. It improperly urges the Court to weigh plaintiff's evidence.

## II.    The Government Implies that the Court Should Weigh Evidence on Summary Judgment.

Absent any contested issues of material fact, this action resolves into a pure question of law. *See Universal Electronics Inc. v. United States*, 112 F.3d 488, 492-93 (Fed. Cir. 1997); *Goodman Mfg. L.P v. United States,* 69 F.3d 505, 508 (Fed. Cir. 1995).

Instead of presenting its own case in chief to the Court in this litigation, the defendant has argued that it could not "verify" plaintiff's drawback claim, suggesting that this is somehow an evidentiary flaw that should result in a judgment for the defendant. This misapprehends the *de novo* standard of review applicable to this case. This case is not based on review of the administrative record before Customs. That the drawback reviewer may have suffered from a lack of clarity, or conflated review of the drawback claim with her review of Plaintiff's application for drawback privileges, or wasted time on a search for third parties' "inventory records" which are irrelevant to the claim has no place in this Court's consideration of this case. The evidence Plaintiff provided to the Court makes out a *prima facie* case for drawback.

At trial, after the parties have come forward with their evidence, the trier of fact must fairly weigh the evidence and decide the case in favor of the party which has presented their case

13

with the preponderance of the evidence. A preponderance of the evidence has been defined as "the greater weight of evidence, evidence which is more convincing than the evidence which is offered in opposition to it." *St. Paul Fire & Marine Ins. Co. v. United States*, 6 F.3d 763, 769 (Fed. Cir. 1993) (quoting *Hale v. Dep't of Transportation*, 772 F.2d 882, 885 (Fed. Cir. 1985)). The preponderance of the evidence standard is the usual standard of evidence in civil litigation. As the Supreme Court has noted, no special showing is required. A plaintiff may make its showing through direct or circumstantial evidence.

Plaintiff has overcome its burden of proof; so, the burden now shifts to the government to refute Scottsdale's evidence, something the Government has declined to do.

Here, Plaintiff has clearly established a prima facie case. Importation of the designated merchandise is established by twenty-three (23) Type 06 consumption entries of cigarettes, entered at the Port of Port Everglades, Florida, on various dates between March 16, 2018, and November 6, 2018. The substituted merchandise was exported between December 26, 2018, and February 11, 2019, by means of four (4) admissions of paper rapped domestically-made cigarettes into Foreign Trade Zone ("FTZ") 25 located in Port Everglades, Florida, assigning them "zone restricted" (export only) status.

Plaintiff complied with all requirements for claiming drawback under 19 U.S.C. § 1313(j)(2). It exported substitutable cigarettes after it had imported the "designated" tax paid cigarettes. It timely filed its claim for drawback within the five-year period from date of importation specified in the statute. Plaintiff had "possession" of the substituted merchandise prior to the time it was exported. It timely filed its drawback entry and completed its drawback claim. Judgment should be awarded to Plaintiff, directing the appropriate Customs officer to reliquidate Plaintiff's drawback claim with full allowance of drawback.

14

The government must do more than "second guess" Plaintiff's documentary evidence. The government critiques the documents – noting what it claims to be certain numerical discrepancies, or alleging that some second pages of CF 214 Notices of Admission are not in the record – **but never suggests that any of these asserted flaws rise to the level of a "material" fact that would preclude the entry of summary judgment,**

When making a summary judgment determination, the judge's function is not to weigh the evidence and determine the truth of the case, but to determine whether there is a genuine issue for trial. *See Fifth Third Bank of W. Ohio v. United States*, 55 Fed. Cl. 223 (2003). Defendant raises no actual disputes regarding material facts. To establish a genuine issue of material fact, a party "must point to an evidentiary conflict created on the record" because "mere denials or conclusory statements are insufficient." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). Plaintiff has set forth evidence showing a prima facie valid drawback claim. The defendant does not contest those facts, but merely offers conclusory critiques of the evidence set out by Plaintiff and suggests that CBP could not "validate" its drawback claim (without noting either the requirement or role of such "validation" in the claim). In this case, Defendant offered no substantive argument in support of its Cross-Motion for Summary Judgment. And Plaintiff's case is quickly and simply made out by the documentary evidence placed before the Court, which consists of **official government records**. The importation of the designated cigarettes is reflected by Customs entries, which showed the cigarettes' removal from a Customs-regulated facility, FTZ 25. The exportation of the substituted merchandise is not (as in the usual case) shown by commercial documents, but again by an official government record, the CF 214 Notices of Admission into the same FTZ. The government does not contest the nature or quantity of the merchandise, its tariff classification, its

substitutability, or the dates of import and export. Drawback proof does not get easier than in the current case.

### III.    If the Court Believes It is Necessary to Weigh Plaintiff's Evidence, Then Trial is Appropriate.

The government cites to various parts of the drawback regulations, 19 C.F.R. Part 190, to attempt to discredit Plaintiff's case in chief. As explained below, many of these requirements are not statutory nor regulatory. The Government's case strategy is not to put forth or cite to evidence to win a case in chief, but rather to question the weight of Plaintiff's documents – without raising a single contested material fact issue.

If the Court believes that weighing of evidence is necessary, a trial is required. The law in the Federal Circuit is clear: "It is the job of the fact-finder – not the Court at summary judgment – to weigh the evidence and make a decision." *Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303 (Fed. Cir. 2013), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *see also, Wi-LAN United States v. Ericsson Inc.*, 675 Fed. Appx. 984 (Fed. Cir. 2017). When making a summary judgment determination, the judge's function is not to weigh the evidence and determine the truth of the case, but to determine whether there is a genuine issue for trial. *See Fifth Third Bank of W. Ohio v. United States*, 55 Fed. Cl. 223 (2003). Even where the government construes a point of law on summary judgment, the existence of material disputed facts requires the matter proceed to trial. *Abbott Labs. v. Torpharm Inc.*, 300 F.3d 1367 (Fed. Cir. 2007).

After Plaintiff makes its prima facie showing, "the question becomes … whether this evidence weighed against that produced by Customs, is such that the plaintiff has carried its burden by a preponderance of the evidence[.]" *Am. Sporting Goods v. United States*, 27 C.I.T. 450, 457 (2003). The Government here introduced no percipient witness testimony nor

documents -- offering the Court nothing to support its conclusion that the drawback claim was correctly denied.

The Government's arguments in this case are analogous to the case presented by Plaintiff in *R.J.F. Fabrics, Inc. v. United States*, 11 C.I.T. 185 (1987), an origin case where the plaintiff only called to the stand Customs employee witnesses who failed to testify about relevant evidence. The Government here only argues regarding its action in denying Plaintiff's protest. Such testimony is irrelevant to the issue before the court, i.e., the validity of Plaintiff's drawback claim. The evidence indicates that the Court should enter judgment for Plaintiff.

### IV.    The Government Tries to Create Non-Statutory and Non- Regulatory Requirements for Drawback

Plaintiff has complied with all requirements for claiming drawback under 19 U.S.C. § 1313(j)(2). The Government is manufacturing documentary or proof requirements which do not exist in the law or regulations. Uncontradicted evidence shows that Scottsdale's drawback entry H52- 0005246-3 satisfied all the requirements for claiming substitution unused merchandise drawback under 19 U.S.C. § 1313(j)(2). The claim (1) identifies imported designated merchandise — paper-wrapped cigarettes — on which FETs were paid; (2) it identifies subsequently exported substituted merchandise evidenced by the admission of the merchandise into FTZ 35 in "zone restricted" status; (3) the imported "designated" and exported "substituted" merchandise were classifiable under the same eight digits tariff subheading, subheading 2402.20.80, HTSUS; (4) it "possessed" the exported substituted merchandise prior to its date of exportation; (5) the exported goods were not used in the United States prior to exportation; and (6) Plaintiff filed its drawback claim within five (5) years after the date of importation of the designated merchandise.

The Government makes numerous arguments regarding the veracity of Plaintiff's evidence behind the claim. The Government cites to its authority under 19 C.F.R. § 190.2 to "to examine any and all records" in order to verify "the drawback claimant's conformity to the [applicable] law and regulations.'" Def.'s Br. at 9.  But it does not focus on the *applicable* regulations governing substitution unused merchandise drawback under 19 U.S.C. § 1313(j)(2). As detailed above, those requirements are found at 19 C.F.R. § 190.38(b).

However, these all fail as they are not-statutory nor regulatory requirements being imposed by the Government. As explained above, the standard for review is different at the CIT, than administratively before the agency. Plaintiff need not overcome every second doubt presented by the Government to its evidence. Instead, Plaintiff must show by a preponderance of the evidence that it has established its burden. When a Plaintiff presents a prima facie case, as Plaintiff has done here, the burden of proof shifts from Plaintiff to the Government. The Government has not produced any evidence to contradict plaintiff's entitlement to drawback.

The Government argues that there is no evidence of the "receipt of imported cigarettes (i.e., documents with the description and quantity of the imported cigarettes entered into inventory," without citations to a specific regulatory or statutory requirement (or without specifying *whose* inventory).  But the receipt of the imported merchandise is evidenced by invoices on the record, the Form 214s for admissions to the FTZ, the subsequent entries of the merchandise for consumption into the U.S., and the payment of excise taxes on the entry documents. As such, Scottsdale is entitled to the drawback.

CBP complains that there is no record that the imported merchandise "was entered into inventory." However, this is not an applicable regulatory requirement. 19 C.F.R. Part 190, the applicable drawback regulations, contain numerous mentions of the word "inventory." However,

none apply to the drawback claim at issue in this case. There are references the word "inventory" found in 19 C.F.R. § 190.11 and 19 C.F.R. § 190.14. These regulations do not apply to 19 U.S.C. 1313(j)(2) substitution drawback claims. 19 C.F.R. § 190.11 applies to drawback claims under 19 U.S.C. 1313(x) and 19 C.F.R. § 190.14 specifically states that "this section is not applicable to situations in which the drawback law authorizes substitution," as is the case here. Inventory is mentioned in 19 C.F.R. § 190.36, which applies to waivers of pre-export notifications not at issue in Scottsdale's drawback claim. 19 C.F.R. § 190.51, regarding calculation of drawback claims, is not at issue in this case. 19 C.F.R. § 190.60, regarding "restructuring" of drawback claims is again not at issue in this case. 19 C.F.R. § 190.91 on waiver of prior notice of exportation is again not at issue. Finally, 19 C.F.R. § 190.93 regarding drawback compliance programs is not applicable in this case. Inventory records are also mentioned in connection with various general manufacturing drawback rulings contained in Part 190. Inventory records may be necessary to validate manufacturing drawback claims, particularly if the claimant or its suppliers are utilizing one of the various "inventory management methods" available under the regulations; however, they are not relevant for a § 1313(j)(2) claim.

The Government also argues that there are discrepancies in the Customs Form 214s for the imported products that preclude a finding that merchandise was imported into the U.S. It does not identify these discrepancies as creating a material, triable issue of fact. However, the admission of the imported merchandise into the U.S. is not only established by the Customs Form 214s but also, and very strongly, by the Customs 7501 entry documents on the record. CBP takes issue that imported Form 214s say "page 1 of 2" of the document. However, all of the material that is required to identify the imported merchandise is on the first page of the document. At no point does the government argue that *these* claimed deficiencies create a triable

issue of material fact for this case. Regardless of the Form 214s, Plaintiff can still meet its burden because the identity of the imported merchandise is established by the Customs Form 7501 entry documents. The Government argues that "[t]he second page provides crucial information pertaining to the description of the admitted merchandise, including the number of packages, by case and carton; invoice identifying information; quantities; and itemized weight and value.[8]" However, all of this information is included in the entry paperwork, including the invoices and Customs Form 7501's. Def.'s Br. at 10. In addition, any discrepancies between the Customs 214s and the Customs 7501's is resolved because the Customs Form 7501 is the controlling, self-authenticating documentary evidence that establishes the nature, classification and quantity of the imported goods. In the same way, any inconsistences between the 7501s and invoices is controlled by the 7501s. The 7501 is the Customs form that contains the factual statements on what is in an importation to the Government, and the document upon which the and taxes for which drawback is claim is calculated.

Finally, regarding the imported cigarettes, CBP argues that there is no evidence of the delivery and receipt of the cigarettes into the inventory of DK Trading, Scottsdale's customer. Such a requirement is beyond the statutory and regulatory requirements applicable to a 1313(j)(2) substitution drawback claim. All that is required is that the cigarettes be imported, meaning they are cleared for entry by Customs. This is uncontested in this case. The government provides no allegation of the relevance or necessity to review DK Trading's delivery records.

In addition, CBP makes similar arguments about deficiencies with the documentary evidence regarding the exported merchandise also. All that the relevant stature and regulations require is that the merchandise used for an export be exported. The Customs Forms 214 marked as Exhibit

---

[8] Again, one wonders how the government knows what the second page provides, when it claims not to have it.

C appended to Plaintiff's Rule 56.3 statement are prima facie evidence of the exportation of the merchandise.

### V.    The Drawback Claim Was Deemed Liquidated as Filed.

As noted in Plaintiff's principal brief, the subject drawback claim was deemed liquidated one year after it was filed, pursuant to 19 U.S.C. § 1504(a)(2)(A), because it was not liquidated by Customs within one year of the date of filing, and Customs did not issue a notice of extension of liquidation for the claim. The government responds that deemed liquidation did not occur, because while all of the imported entries designated in the claim had liquidated as of the claim's one year filing anniversary, some of the claims were not "final."

For purposes of this brief, plaintiff incorporates by reference the argument contained in its principal brief. To the extent the Court needs to reach this argument to decide the instant case, we note that the operation of 19 U.S.C. § 1504(a)(2)(A) in these circumstances is currently before the Court of Appeals for the Federal Circuit in *Performance Additives LLC v. United States*, No. 2024-2059. That case is scheduled to be argued on January 8, 2026, and we expect this Court will be bound by the Federal Circuit's decision.

### <u>CONCLUSION</u>

For the reasons set forth above and in its principal brief this Court should grant summary judgment in favor of plaintiff Scottsdale Tobacco, LLC, deny the Government's cross-motion for summary judgment, and direct the appropriate officer to reliquidate plaintiff's drawback claim with full payment of drawback.

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for Plaintiff*

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated: January 5, 2026

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE HON. JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| | X |
| SCOTTSDALE TOBACCO, LLC. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  **Court No. 24-00022** |
| | : |
| UNITED STATES, | : |
| | : |
| Defendants. | : |
| | X |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the U.S. Court of International Trade Standard Chambers Procedures, and in reliance upon the word count feature of the word processing program used to prepare the instant Memorandum, I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Memorandum, certify that it contains 5,533 words.

Respectfully submitted,

/s/ Patrick B. Klein
Patrick B. Klein