UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

|  |  |  |
|---|---|---|
| SCOTTSDALE TOBACCO, LLC, | : | |
| Plaintiff, | : | |
| | : | Court No. 24-00022 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

### DEFENDANT'S RESPONSE TO COURT'S REQUEST

On August 3, 2026, the Court asked the parties for their position on whether it would be appropriate to stay this action until the U.S. Court of Appeals for the Federal Circuit renders a decision in *King Maker Mktg. Inc. v. United States*, 786 F. Supp. 3d 1349 (Ct. Int'l Trade 2025), *appeal pending*. For the reasons set forth below, Defendant, United States (the Government), believes that a stay of this action is appropriate pending a final decision in the *King Maker* case.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision to stay "is within the sound discretion of the trial court." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). In determining whether to issue a stay, the court must weigh various factors, including efficiency, judicial economy, conserving parties' resources, public welfare, and convenience. *Jiaxing Bro. Fastener Co., Ltd. v. U.S.*, 179 F. Supp. 3d 1156, 1161, n. 8 (Ct. Intl. Trade 2016) (citing *Landis*, 299 U.S. at 254, 256). Although a "strong showing" of need for a stay may be required in certain circumstances, that it is *only*

where there is a "fair possibility" that the stay will work damage to someone else.  *Id.* at 1160 (emphasis added).

In *King Maker*, U.S. Customs and Border Protection (CBP) denied, as untimely, the importer's claim, pursuant to 19 U.S.C. § 1313(j)(2), for substitution unused merchandise drawback of taxes, duties, and fees paid on paper-wrapped cigarettes that were admitted into a foreign trade zone (FTZ) and then withdrawn from the FTZ for domestic consumption.  In reviewing, and ultimately granting, the Government's motion to dismiss for failure to state a claim, the Court stated that the "sole issue before the court is whether the 'date of importation' pursuant to 19 U.S.C. § 1313 refers, in this case, to: (1) the date on which the merchandise was imported; or (2) the date on which the merchandise was withdrawn from the FTZ for consumption."  *King Maker*, 786 F. Supp. 3d at 1352-53.  The Court decided that the former was the correct interpretation, holding that "the 'date of importation' of the subject merchandise is the date on which that merchandise was unladen into the FTZ."  *Id*. at 1356.  Thus, the Court concluded that "the merchandise at issue here is classified properly as imported as of the date that it was admitted into the FTZ."  *Id*.  In rendering its decision, the Court found that "Customs regulations governing merchandise in an FTZ pertain even though the FTZ Act provides that such merchandise is not 'subject to the customs laws of the United States.'"  *Id*. at 1358 (citing 19 U.S.C. § 81c(a)).

The Court's decision in *King Maker* may impact the outcome or analysis of the instant action.  Like *King Maker*, this action concerns plaintiff's, Scottsdale Tobacco, LLC (STL), substitution unused merchandise drawback claim covering paper-wrapped cigarettes that were purportedly admitted to and withdrawn from an FTZ.  CBP denied STL's claim as it was unable to verify the claim.  Relevant here, CBP could not trace the paper-wrapped cigarettes, by

description and quantity, from their apparent admission into the FTZ to their withdrawal from the FTZ and entry into U.S. commerce as Type 06 Foreign Trade Zone consumption entries.  As a result, CBP requested that STL produce sufficient records to perfect its claim, *i.e.*, to substantiate that the designated imported foreign-origin cigarettes were the same cigarettes admitted into the FTZ and withdrawn from the FTZ for entry into U.S. commerce.  CBP's requests for records included complete and accurate CBP Form 214s ("Application for Foreign Trade Zone Admission and/or Status Designation"), inventory records, and proof of delivery.  Additionally, these records were also required to establish the date of importation, *i.e.*, the date that the cigarettes were admitted into the FTZ, as per *King Maker*, so that CBP could verify STL's eligibility for drawback in accordance with 19 U.S.C. § 1313(j)(2)(B).

In its briefing, STL contends that CBP's record requests regarding the movement of the cigarettes into and out of the FTZ are irrelevant insofar as it has produced CBP Form 7501s (entry summaries) to establish the date of entry for the designated cigarettes.  But as *King Maker* held, the date of importation (aka the date of admission to the FTZ), is the crucial date for establishing the eligibility of drawback claims premised on unused merchandise admitted into an FTZ, and not the date of entry (aka the date in which the cigarettes were withdrawn from the FTZ for consumption).  Moreover, as the Court in *King Maker* made clear, imports admitted into an FTZ must be compliant with CBP regulations governing FTZs (19 C.F.R. pt. 146), as well as the regulations governing drawback (19 C.F.R. pt. 190).  The holding in *King Maker* thus guides and expands CBP's focus here as to the relevant documentation required to verify STL's drawback claim.  Whereas STL seeks to limit the Court's focus to one point in time and one set of documents to establish what imported merchandise is eligible for drawback—the time of withdrawal of cigarettes from the FTZ for consumption into the United States and the entry

3

documents reflecting such—*King Maker* also makes relevant and controlling the time of admission of the cigarettes into the FTZ and the records required to substantiate that admission.

Yet *King Maker* is now on appeal.  So, it remains unsettled whether the date of entry may or may not be construed as the date of importation for purposes of drawback claims involving admissions into, and withdrawals from, an FTZ.  As discussed herein, this issue is closely intertwined with the basis for our cross-motion, regarding CBP's authority to verify the movement of merchandise, designated as the basis for a drawback claim, in and out of an FTZ. The CBP Form 7501s that STL has proffered show only what cigarette shipments were withdrawn from the FTZ (the date of entry), but those documents have been insufficient to verify the shipments of cigarettes admitted into the FTZ (the date of importation).  But if the *King Maker* decision were overturned on appeal and the date of entry and the date of importation were considered one and the same for drawback claims premised on FTZ admissions and withdrawals, the CBP Form 214s and attendant documents associated with the admissions and withdrawals from the FTZ may be of less importance when verifying STL's drawback claim submissions. Accordingly, we believe that the ultimate outcome of the *King Maker* appeal is material to the issues in dispute in this action and will inform the Court's analysis of the parties' respective motions for summary judgment.

As such, we believe that a stay of this matter will promote judicial economy and conserve party and judicial resources and will not result in injury to either party.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Alexander Vanderweide
Of Counsel:                              ALEXANDER VANDERWEIDE
EMMA L. TINER                            Senior Trial Counsel
Office of the Assistant Chief Counsel    International Trade Field Office
International Trade Litigation           Department of Justice, Civil Division
U.S. Customs and Border Protection       Commercial Litigation Branch
                                         26 Federal Plaza, Room 346
                                         New York, New York 10278
                                         (202) 598-0287
August 5, 2026                           Attorneys for Defendant

5