

JOHN M. PETERSON (NY BAR)
RICHARD F. O'NEILL (WA & DC BARS)
MICHAEL K. TOMENGA (DC BAR)
LAWRENCE J. BOGARD (DC BAR)
MARIA E. CELIS (NY & DC BARS)
JOHN B. TOTARO, JR. (DC BAR)
ANDREW SAMET (DC BAR)
PATRICK B. KLEIN (NY BAR)
SANZIDA TALUKDER (NY BAR)
NATHALIE M. BOUGENIES (OR & DC)

ONE EXCHANGE PLAZA
55 BROADWAY, SUITE 2602
NEW YORK, NEW YORK 10006

——

(212) 635-2730

www.npllptradelaw.com

1310 L STREET, N.W., SUITE 300
WASHINGTON, DC 20005
T: (202) 861-2959

701 FIFTH AVE
SUITE 4200-2159
SEATTLE, WA 98104
T: (206) 905-3648

August 05, 2026

**BY ECF AND ELECTRONIC MAIL**
Hon. Jennifer Choe-Groves
United States Court of International Trade
One Federal Plaza
New York, New York 10278

> Re:    Scottsdale Tobacco Inc. v. United States,
>        Court No. 24-00022: No Need for Stay

Dear Judge Choe-Groves,

On behalf of Plaintiff Scottsdale Tobacco, Inc., we respond to the Court's inquiry concerning whether this case should be stayed pending the decision of the Court of Appeals for the Federal Circuit in *King Maker Marketing Inc. v. United States*, Appeal No. 2025-1819.

Plaintiff submits that a stay is neither necessary nor appropriate.

The sole issue in *King Maker Marketing* is whether the "date of importation," for purposes of calculating whether a drawback claim is filed within 5 years from that date, as required by 19 U.S.C. § 1313(j)(2)(B), should be measured from the date an importing vessel arrives at port with intent to unlade, or the date imported goods are withdrawn from a Foreign Trade Zone ("FTZ") for consumption, with duties and taxes paid thereon. By contrast, the timeliness of the drawback claim in the instant case is not in dispute.

The imported merchandise, which is the subject of the instant action, arrived in the United States on various dates between March 16 and November 12, 2018. It was withdrawn from the FTZ for consumption on various dates between March 29, 2018 and November 26, 2018. The drawback claim was filed on February 15, 2019. Regardless of how the "date of importation" is calculated, the drawback claim is timely, and the government does not dispute this.

Accordingly, the Federal Circuit's decision in *King Maker Marketing* will not inform any of the issues in this case.

Nor would a stay have any effect on the development of the factual record in this case, which is complete and ready for decision. The fact of importation and payment of duty on Plaintiff's imported "designated" merchandise is established by self-authenticating official government records, to wit, the withdrawals of the cigarettes from the FTZ for domestic

consumption. These documents establish the fact of importation, the quantity of goods imported, the amounts of taxes and duties paid, and the tariff classification of the goods. The liquidation of these withdrawals "as entered" makes these facts final and incontestable by either party.

The facts of exportation of the "substituted" merchandise is also established by self-authenticating government records, to wit, the Customs Form 214 Notices of Admission of domestic cigarettes into a FTZ with "zone restricted" status. These documents, signed by Customs officers, establish the nature and quantity of the merchandise exported, their tariff classification, and the fact of exportation.

In light of these undisputed facts, Plaintiff submits this case is ripe for adjudication in its favor upon summary judgment. Plaintiff submits that the government's vague claims for need of "verification" is without merit, and will develop these facts further at the August 11 oral argument.

This appeal was stayed once, but the *King Maker Marketing* appeal does not provide a basis for another stay. Plaintiff is entitled to its day in court, and asks the Court to proceed with the August 11 argument as scheduled.

Counsel is available to answer any questions the Court might have.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder

*Counsel for Plaintiff*